IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER CORTEZ, | ) | No. C 09-4549 JSW (PR) |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER TO SHOW CAUSE** |
| A. P. KANE, Warden, | ) ) | (Docket No. 2) |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearings ("BPH") denial of parole during parole suitability proceedings in 2006. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder with an enhancement for the use of a firearm in San Fernando Superior Court in 1986, and was sentenced to an indeterminate term of twenty-seven years-to-life. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the denial of parole by the BPH during parole suitability proceedings in 2008 violated his constitutional rights and his rights under federal law. He alleges that he has exhausted state judicial remedies as to all of the

claims raised in his federal petition.

## DISCUSSION

### I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II. Legal Claims

Petitioner alleges that his constitutional rights were violated by the parole denial by the BPH in 2008. Petitioner further contends that the BPH's failure to allow his deportation violates federal law. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

### III. Motion for Counsel

Petitioner requests that counsel be appointed because he has limited access to the library, limited knowledge of the English language and the law, and the issues involved are complex (docket no. 2). However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at

2

728.

Here, no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 2) is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion.

3

1  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2  to Federal Rule of Civil Procedure 41(b)
3     IT IS SO ORDERED.
4  DATED: April 27, 2010

   _____
   JEFFREY S. WHITE
   United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAVIER CORTEZ,

        Plaintiff,

  v.

A P KANE et al,

        Defendant.

Case Number: CV09-04549 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Javier Cortez
# D44595
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 27, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk